MELVIN, Judge.
The State appeals from.the final order of the trial court dismissing an information charging the appellee-defendant with manslaughter by intoxication and manslaughter by culpable negligence, in connection with the defendant’s operation of his automobile *482 while in an intoxicated condition. The information charging manslaughter was filed February 17, 1978, in the Circuit Court of Escambia County, Florida. The defendant had been previously charged in the County Court of Escambia County, Florida, with the offense of driving an automobile while intoxicated, and the traffic infraction of running a red light at a traffic intersection. On December 27, 1977, the defendant entered his plea of guilty to those charges in the County Court and was, thereupon, adjudged to be guilty.
The defendant moved to dismiss the information charging manslaughter based upon the provisions of Fla.R.Crim.P. 3.151(c). The trial court agreed that the provisions of subsection (c) of said rule was applicable and entered its order dismissing the information. Fla.R.Crim.P. 3.151 provides:
“(a) For purposes of these Rules, two or more offenses are related offenses if they are triable in the same court and are based on the same act or transaction or on two or more connected acts or transactions.
* * * * * *
“(c) When a defendant has been tried on a charge of one of two or more related offenses, the charge of every other related offense shall be dismissed on the defendant’s motion unless a motion by such defendant for consolidation of such charges has been previously denied, or unless such defendant has waived his right to consolidation, or unless the prosecution has been unable, by due diligence, to obtain sufficient evidence to warrant charging such other offense or offenses. “(d) A defendant may plead guilty or nolo contendere to a charge of one offense on condition that other charges or related offenses be dismissed or that no charges of other related offenses be instituted. Should the court find that such condition cannot be fulfilled, the plea shall be considered withdrawn.” (Emphasis supplied)
Appellee is correct in his contention that operating an automobile while intoxicated, manslaughter by intoxication and manslaughter by culpable negligence, all resulting in an automobile accident, are related offenses. Such charges all grew out of one transaction or series of events, and they could each have been included in one information, filed and tried in the Circuit Court of Escambia County, Florida.[1] The fact that the State elected to file the driving while intoxicated charge in the County Court of Escambia County, Florida, and that the defendant, without negotiation with the State, elected to enter his plea to such charge does not position the defendant to claim the benefit of the provisions of subsection (c) which comes into operation only when a defendant has actually gone to trial upon a related offense. We hold, therefore, that subsection (d) applies to the issue before the court. The defendant did not comply with the conditions of subsection (d) in that he did not negotiate with the State for the dismissal, or the non-filing on related offenses.
At the time the trial court entered its ruling, it did not have the benefit of the decision in State v. Harris, 357 So.2d 758 (Fla. 4th DCA 1978), dealing with this same issue. This opinion was filed some six days after the trial court had entered the judgment that is now before this court. We here reach the same conclusions as did the Fourth District Court in State v. Harris. No constitutional issue has been presented or considered in reaching our conclusion.
The Order appealed from is REVERSED and the cause is remanded with directions to reinstate the information and for further proceedings.
SMITH, Acting C. J., and BOOTH, J., concur.

. § 26.012(2)(d), Fla.Stat. (1977).