573 So.2d 202 (1991)
David L. SCALF, Appellant,
v.
STATE of Florida, Appellee.
No. 89-2727.
District Court of Appeal of Florida, First District.
January 25, 1991.
Michael E. Allen, Public Defender, and Lynn A. Williams, Asst. Public Defender, for appellant.
Robert A. Butterworth, Atty. Gen., and Gypsy Bailey, Asst. Atty. Gen., for appellee.
ERVIN, Judge.
In this case appellant, David L. Scalf, raises a double jeopardy challenge to the state's prosecution for trafficking in stolen property and his subsequent conviction for grand theft, as a lesser-included offense to the trafficking charge. Appellant had previously been convicted and sentenced for the offense of fraudulent transfer of property to a pawnbroker based upon the same conduct on which the trafficking offense was premised. Because we find that the subsequent trafficking prosecution is barred by the double jeopardy clause, we reverse appellant's grand theft conviction and remand with directions that he be discharged as to that offense.
Appellant was arrested on two charges which transpired from a single episode: fraudulent transfer of property to a pawnbroker and dealing in stolen property. The fraudulent transfer offense is a first-degree misdemeanor,[1] and as such was brought in county court, where appellant entered a plea of no contest to the charge *203 and was thereafter sentenced to a six-month probationary term. Appellant was later accused in circuit court of trafficking in stolen property, a second-degree felony.[2] Although he moved to dismiss the charge on double jeopardy grounds, the court denied the motion. Appellant subsequently pleaded nolo contendere to the lesser offense of grand theft, specifically reserving his right to appeal the court's denial of his motion to dismiss.
The double jeopardy clause of the fifth amendment provides: "[N]or shall any person be subject for the same offence to be twice put in jeopardy of life or limb." U.S. Const. amend. V. See also Art. I, § 9, Fla. Const. The double jeopardy clause of the United States Constitution is enforceable against the states through the fourteenth amendment. Benton v. Maryland, 395 U.S. 784, 89 S.Ct. 2056, 23 L.Ed.2d 707 (1969). The United States Supreme Court has enumerated three guarantees which the constitutional prohibition against double jeopardy affords: (1) protection against a second prosecution for the same offense after acquittal; (2) protection against a second prosecution for the same offense after conviction; (3) and protection against multiple punishments for the same offense. Illinois v. Vitale, 447 U.S. 410, 415, 100 S.Ct. 2260, 2264, 65 L.Ed.2d 228, 235 (1980). Because appellant contends that his conviction for fraudulent transfer to a pawnbroker bars the subsequent prosecution for dealing in stolen property, it is the second guarantee which is at issue here.
In our judgment the question whether appellant's subsequent prosecution for trafficking is barred by his earlier conviction for fraudulent transfer of property to a pawnbroker is controlled by the rule recently announced by the United States Supreme Court in Grady v. Corbin, ___ U.S. ___, 110 S.Ct. 2084, 109 L.Ed.2d 548 (1990), on facts which are procedurally similar to those in the case before us. Like appellant at bar, the defendant Corbin did not contest the lesser charges filed against him, but initially pleaded guilty in the LaGrange Town Justice Court in the state of New York to two traffic offenses (misdemeanor driving while intoxicated and failure to keep to the right of the median), for which he was convicted. Thereafter he was charged in county court with certain felony offenses, including reckless manslaughter, second-degree vehicular manslaughter, and criminally negligent homicide. He thereupon sought a writ of prohibition barring the prosecution of all the later felony offenses, which the supreme court, appellate division, denied without opinion. The New York Court of Appeals reversed, however, and prohibited prosecution on the felony charges.
The reversal was ultimately upheld by the United States Supreme Court, which, in reaching its decision, enunciated the following principles: To determine whether a subsequent prosecution is barred by the double jeopardy clause, a court must first apply the traditional Blockburger test.[3] If application of that test shows that the offenses have identical statutory elements, or that one is a lesser included offense of the other, then the inquiry must cease and the subsequent prosecution is forbidden. Even if the later prosecution survives the Blockburger test, the double jeopardy clause still prevents prosecution in cases in which the government, in order to establish an essential element of an offense charged, relies upon conduct that constitutes an offense for which the defendant has already been prosecuted. Thus, the critical inquiry is what conduct the state will prove, not simply whether each offense requires proof of an element which the other does not. Corbin, ___ U.S. at ___, 110 S.Ct. at 2093, 109 L.Ed.2d at 564. The Court concluded that because the conduct which supported the *204 underlying misdemeanor offenses for which the defendant had been convicted was the same as that supporting the laterfiled felony offenses, the subsequent prosecutions were barred by the double jeopardy clause, even though the later offenses required proof of an element which the earlier crimes did not.
Applying the analysis used by the Supreme Court in Corbin to the instant case, we conclude that fraudulent transfer of property to a pawnbroker is not a lesser included offense to that of dealing in stolen property. Fla.Std.Jury Instr. (Crim.) p. 293. Nor is it the same offense under the Blockburger test, because each statute proscribing the offenses requires proof of an additional fact not required by the other.[4] Consequently, as the second prosecution here survives the Blockburger test, the inquiry must necessarily focus upon the second part of the Corbin analysis  whether the state must prove as an essential element of the trafficking offense conduct that constitutes the offense of fraudulent transfer, for which appellant had already been convicted.
The trial court below specifically found in its order denying appellant's motion to dismiss that "[t]he aforementioned charges [dealing in stolen property and fraudulent transfer of property to a pawnbroker] arise from the same act, that of selling the two gold rings on November 26, 1988 [at the Ring Buyer]." As the state has not disputed this finding, it has effectively admitted that it will prove the same conduct for which appellant was convicted for fraudulent transfer to a pawnbroker, to establish the essential elements of dealing in stolen property. Therefore, the application of the Corbin analysis to the facts at bar requires that appellant's conviction for dealing in stolen property be reversed.[5]See also Vitale (remanding manslaughter case for further proceedings to determine if the state intended to prove manslaughter by relying on the defendant's failure to reduce speed to avoid an accident for which the defendant had previously been convicted); Brown v. Ohio, 432 U.S. 161, 97 S.Ct. 2221, 53 L.Ed.2d 187 (1977) (double jeopardy clause barred prosecution for stealing an automobile following prosecution for lesser included offense of joyriding).
The state has also argued that appellant's constitutional claim was waived due to his failure to request, as required by Florida Rule of Criminal Procedure 3.151(d), that all related offenses be dismissed or that no charges of other related offenses be instituted when he entered his nolo contendere plea to the fraudulenttransfer charge. In support of this argument, the state cites State v. Feldman, 362 So.2d 481 (Fla. 1st DCA 1978), and State v. Harris, 357 So.2d 758 (Fla. 4th DCA 1978). In our judgment, the provisions of rule 3.151 are inapplicable to double jeopardy claims. Among other things, the rule presumes the existence of valid, separate offenses. Indeed this court in Feldman observed that "[n]o constitutional issue has been presented or considered in reaching our conclusion." Feldman, 362 So.2d at 482.
REVERSED and REMANDED with directions that appellant be discharged as to the offense of grand theft.
JOANOS and BARFIELD, JJ., concur.
NOTES
[1] Fraudulent transfer is defined in Section 715.0415, Florida Statutes (1987), as follows:

(2) Any person who knowingly gives false verification of ownership and who receives money from the pawnbroker for property sold or pledged shall, if the money received is less than $300, be guilty of a misdemeanor of the first degree... .
[2] Dealing in stolen property is defined in Section 812.019, Florida Statutes (1987), as follows:

(1) Any person who traffics in, or endeavors to traffic in, property that he knows or should know was stolen shall be guilty of a felony of the second degree... .
"Traffic" means, among other things, "[t]o sell, transfer, distribute, dispense, or otherwise dispose of property." § 812.012(7)(a), Fla. Stat. (1987).
[3] Blockburger v. United States, 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306 (1932). In Blockburger, the court held that two statutory criminal offenses are separate, and therefore subject to multiple punishments, if the provisions of each require proof of a fact which the other does not.
[4] As the statutory definitions set forth above in footnotes 1 and 2 reveal, fraudulent transfer requires that the state present evidence showing that the defendant gave false verification of ownership to a pawnbroker, which dealing in stolen property does not. Dealing instead requires that the state prove that the defendant knew or should have known that the property was stolen, which the definition of fraudulent transfer does not exact.
[5] In reaching our conclusion we acknowledge that our disposition of this case may be at variance with certain language set forth in Section 775.021(4)(b), Florida Statutes (Supp. 1988), as approved in State v. Smith, 547 So.2d 613 (Fla. 1989), in that the statute provides that it is the legislature's intent to "convict and sentence for each criminal offense." (Emphasis added.) If the legislature intended to permit a successive prosecution based on conduct that constituted an offense for which the defendant had previously been prosecuted, any such intent would no doubt be forced to give way to the interpretation placed on the double jeopardy clause by the United States Supreme Court.