616 So.2d 1106 (1993)
Johnny Carlton HAWKS, Appellant,
v.
STATE of Florida, Appellee.
No. 91-2373.
District Court of Appeal of Florida, Fifth District.
April 9, 1993.
*1107 James B. Gibson, Public Defender, and George D.E. Burden, Asst. Public Defender, Daytona Beach, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and John W. Foster, Jr., Asst. Atty. Gen., Daytona Beach, for appellee.
GRIFFIN, Judge.
Johnny C. Hawks ("Hawks") timely appeals his conviction for possession with the intent to deliver or sell cocaine.[1] He urges that the trial court erred in allowing admission of proof of a collateral crime. We reverse.[2]
Hawks was arrested on November 27, 1990 during an undercover drug operation at Al's Bar in Orlando, Florida. At approximately 9 p.m., an officer of the Orlando Police Department was concealed in the bushes adjacent to the parking lot conducting surveillance. On two occasions, he observed people come up to an individual in the parking lot and exchange money for something. When the second transaction was completed, the officer radioed a description of the individual to support units and ordered them to move in for the arrest. The suspect jogged back to the rear of a red Chevy hatchback and placed a small zip-lock baggie under the right rear wheel. One of the officers converging on the scene arrested Hawks, based on the radioed description, as he was walking out of the area. A baggie containing fourteen pieces of crack cocaine, plus two postage size baggies containing powdered cocaine, were retrieved. No money or cocaine were found on Hawks.
Hawks was charged by information with unlawful possession with the intent to deliver or sell cocaine. Prior to trial, the state filed a notice of intention to use similar fact evidence pursuant to section 90.404(2)(b), Florida Statutes (1991). This evidence concerned an event that occurred three months after Hawks' arrest for this offense.
On February 16, 1991, an officer saw Hawks driving a motor vehicle and ran a teletype on him because he had arrested him before. The response indicated that Hawks had no license, so the officer followed him home and then arrested him. A search of his vehicle incident to the arrest yielded seven pieces of crack cocaine.
The defense objected to admission of this testimony, but the court allowed it. At the conclusion of the testimony, the court gave a limiting instruction, advising the jury that it should be considered only as it related to proof of "motive, opportunity, intent, preparation, plan, knowledge, identity, the absence of mistake or accident on the part of the defendant."
The defense centered on the theory that Hawks was the victim of mistaken identity and had not dealt in cocaine that evening. Hawks testified that on the night of his arrest he was waiting for his sister to come out of Al's Bar so that he could borrow her car. He talked to some friends, then heard someone hollering, "One time," which means "police". He was walking rapidly toward his sister's car when the police jumped out and told him to "come here". They ran his name over the teletype while another officer began to search around the parking lot, looking in the garbage and around the cars. When they found a plastic bag, they arrested Hawks. Hawks claimed that there were several other men in the parking lot of a similar description also wearing similar clothing.
Hawks argues that the trial court erred in allowing proof of his subsequent arrest *1108 because there was an insufficient similarity between the collateral offense and the present offense to allow proof of it at trial. The state contends that the introduction of this evidence was proper because it was relevant to show proof of "motive"  that Hawks was a drug dealer who engaged in the sale of illegal drugs.
Evidence that Hawks had possessed crack cocaine on a separate occasion is not competent or relevant to prove that Hawks committed this crime. The two offenses share no unique characteristics. The test for admissibility of similar fact evidence was reiterated by the Florida Supreme Court in Peek v. State, 488 So.2d 52, 55 (Fla. 1986):
A mere general similarity will not render the similar facts legally relevant to show identity. There must be identifiable points of similarity which pervade the compared factual situations. Given sufficient similarity in order for the similar facts to be relevant, the points of similarity must have some special character or be so unusual to point to the defendant.
Id. at 55.
Here there are no striking similarities between the two offenses and proof of the subsequent possession was no more than evidence that Hawks had a propensity to possess quantities of crack cocaine. Such evidence has consistently been held inadmissible by Florida courts. For example, in Wilson v. State, 490 So.2d 1062 (Fla. 5th DCA 1986), this court held that evidence that the defendant had sold cocaine to an undercover officer on January 31, 1985 was inadmissible in defendant's prosecution for the delivery and possession of cocaine for an offense which occurred on March 18, 1985.[3]
The state argues that the error, if any, was harmless; however, the admission of such evidence is presumed to be harmful. State v. Ramos, 579 So.2d 360, 361 (Fla. 4th DCA 1991); Wilson, 409 So.2d at 1064. Here the state has failed to establish beyond a reasonable doubt that the error did not contribute to this verdict.
REVERSED and REMANDED.
DAUKSCH and HARRIS, JJ., concur.
NOTES
[1] § 893.13(1)(a), Fla. Stat. (1989).
[2] Appellant's remaining issues on appeal are without merit.
[3] Accord State v. Ramos, 579 So.2d 360 (Fla. 4th DCA 1991) (testimony of state's witness that defendant had given her cocaine and thereafter caused her to start selling cocaine to support her habit was not relevant to charges of trafficking in cocaine and conspiracy to traffic in cocaine); Richardson v. State, 528 So.2d 981 (Fla. 1st DCA 1988) (evidence of metal matchbox containing cocaine residue found on defendant at time of his arrest should not have been admitted in prosecution for possession and sale of cocaine, since matchbox was admitted solely to show propensity to possess cocaine at earlier time, and nothing tied matchbox to any of the charges against defendant, which arose from controlled buys of cocaine made several hours before arrest); Garrette v. State, 501 So.2d 1376 (Fla. 1st DCA 1987) (evidence that defendant was found in possession of marijuana within year of incident in question, while in automobile, was not admissible to establish defendant's identity in prosecution for sale of marijuana, even though all incidents involved defendant, marijuana wrapped in plastic bags, and automobile, where crimes occurred at different locations, one crime involved sale of small amount of marijuana while other two crimes involved possession of larger amounts, and two crimes involved tips from informants made under different circumstances while third involved no informant at all); Leonard v. State, 429 So.2d 70 (Fla. 4th DCA 1983) (where there were insufficient similarities between prior incident and cocaine charge, trial court erred in admitting allegedly similar fact evidence at trial); Malcolm v. State, 415 So.2d 891 (Fla. 3d DCA 1982) (trial court committed reversible error in admitting evidence of defendant's involvement in another drug investigation and a previous similarly unrelated sale at premises where sale in question allegedly occurred).