672 So.2d 590 (1996)
Algie KNIGHT, Appellant,
v.
STATE of Florida, Appellee.
No. 95-1142.
District Court of Appeal of Florida, Fourth District.
April 24, 1996.
L.T. Case No. 94-10040 CF-C.
Patrick C. Rastatter of Glass & Rastatter, P.A., Fort Lauderdale, for appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and William A. Spillias and Michelle A. Konig, Assistant Attorneys General, West Palm Beach, for appellee.
DELL, Judge.
Appellant raises two issues in this appeal. She first contends that the prosecutor's remarks during closing argument warrant a new trial. We agree. Because we reverse on this issue, we need not address appellant's remaining point on appeal.
The state charged appellant and codefendants Antoinette Bacon and Calvin Williams with trafficking in heroin. At trial, Dale Allison, a crime scene technician, testified that white powder found on a container was heroin. Ms. Allison also testified that she lifted fingerprints from the container. When the prosecutor asked Ms. Allison whether there was any value from the latent fingerprints, she replied that once she lifts the fingerprints, the latent examiner determines if there is any value to the prints. Codefendant Bacon's counsel objected on hearsay grounds to any testimony by Ms. Allison as to the value of the finger prints. The trial court sustained the objection.
During closing argument, the prosecutor commented on Bacon's counsel's objection to Ms. Allison's testimony:
Now, I don't know why Halpern didn't want ID technician Allison to tell you about the fingerprint results. Maybe he will tell you, I don't know. I don't have a clue.
Maybe he is saving that and has something up his sleeve along with the perjured testimony and planted evidence.
I wanted to find out what the answer was, but you heard him object so he can explain it to you.
The trial court sustained Bacon's counsel's objection to these comments and instructed the jury to not consider why an attorney objects. The prosecutor also made at least five references to one Vetus McCray stating that he was a "criminal" and would have lied to the jury if called to testify. Vetus McCray had been seen with appellant and the codefendants *591 on the day of the incident, but he was not charged or called as a witness in the case.
The prosecutor further argued that a not guilty verdict meant the detectives were criminals and perjurers and effectively sought to poll the jurors on this point when he stated:
Unless you believe [Detective Camilo's] a perjurer, he is a criminal and likes to point the finger at innocent people, if you believe that, let me know. I will sit down now. I wouldn't bother saying anymore because if you believe Detective Camilo is a criminal perjurer and raised his hand and swore to God to tell you the truth here in the courtroom and sits there and looks you directly in the eye and lies to you and decides I want to point the finger at two innocent people because he's got nothing better to do, let me know. Raise your hand now. I will sit down.
Appellant's counsel did not object to the state's improper comments until the end of the prosecutor's closing. He argued in support of a motion for mistrial that the prosecutor had commented on facts not in evidence and had improperly argued that defense counsel accused the police officers of perjury. He also grounded his motion on the previous argument presented by Bacon's counsel that the prosecutor impermissibly attacked the credibility of defense counsel and improperly commented on Bacon's counsel's objection during the testimony of the crime scene technician. The trial court denied the motion for mistrial, but agreed that the objected to comments were grossly improper and gave a second curative instruction. The jury returned verdicts of guilty as to all three defendants.
The trial court correctly recognized the seriousness of the prosecutor's comments, but erred in denying the motion for mistrial. The prosecutor impermissibly attacked the credibility of defense counsel for objecting to the state's introduction of inadmissible evidence during the testimony of the crime scene technician. Landry v. State, 620 So.2d 1099, 1102 (Fla. 4th DCA 1993); Thompson v. State, 318 So.2d 549 (Fla. 4th DCA 1975), cert. denied, 333 So.2d 465 (Fla.1976). He also resorted to personal attacks on defense counsel, Ryan v. State, 457 So.2d 1084, 1089 (Fla. 4th DCA 1984), and improperly argued facts not in evidence by stating several times that Vetus McCray was a "criminal." Ryan, 457 So.2d at 1090. In addition to these improper remarks, the prosecutor also improperly commented on appellant's right to remain silent by making numerous references to the "uncontradicted testimony" of the police officers and by stating that "God forbid you should believe a police officer whose testimony went uncontradicted by these Defendants who told you specifically what happened in this case." Ryan, 457 So.2d at 1090-91. None of these comments were invited.
We recognize that appellant failed to object to several of the prosecutor's improper comments and only made one objection at the end of the state's closing. However, this court has held that "if the improper comments rise to the level of fundamental error, then multiple objections are not necessary." Id. at 1091 (citing Peterson v. State, 376 So.2d 1230 (Fla. 4th DCA 1979), cert. denied, 386 So.2d 642 (Fla.1980)). Moreover, in Peterson, this court held that
we need not consider whether the errors preserved by the single additional objection would be sufficient in themselves to require reversal. This is so because we are convinced beyond question that the contents of the final argument, taken as a whole, were such as utterly to destroy the defendant's most important right under our system, the right to the `essential fairness of [his] criminal trial.' Dukes v. State, 356 So.2d 873, 874 (Fla. 4th DCA 1978).
376 So.2d at 1234 (footnote omitted).
We hold that the totality of the prosecutor's improper comments reach to the very heart of the case and rise to the level of fundamental error obviating the need for multiple or contemporaneous objections.
Accordingly, we reverse and remand for a new trial.
REVERSED and REMANDED.
GLICKSTEIN and KLEIN, JJ., concur.