PER CURIAM.
Calvin Williams appeals his conviction and sentence for trafficking in heroin. Appellant was charged and tried with co-defendants Algie Knight and Antoinette Bacon. He raises three points on appeal. He contends the trial court erred in denying his motion to suppress physical evidence, in permitting the state to exercise its peremptory challenges in a manner which excluded all prospective African-American jurors solely because of their race and denying his motion for a mistrial based on improper comments made by the prosecutor during closing argument.
Appellant has failed to demonstrate reversible error in the trial court’s denial of his motion to suppress physical evidence. See Florida v. Bostick, 501 U.S. 429, 111 S.Ct. 2382, 115 L.Ed.2d 389 (1991); Florida v. Jimeno, 500 U.S. 248, 111 S.Ct. 1801, 114 L.Ed.2d 297 (1991).
We addressed the propriety of the prosecutor’s comments during closing argument in the trial of appellant and his co-defendants in Knight v. State, 672 So.2d 590 (Fla. 4th DCA 1996) and Bacon v. State, 672 So.2d 658 (Fla. 4th DCA 1996). In Knight, we held that the totality of the prosecutor’s improper comments went to the very heart of the case and required a new trial. As in Knight, we conclude that appellant’s case must be reversed and remanded for a new trial. In view of this holding, we need not address appellant’s argument concerning the manner in which the state exercised its peremptory challenges.
Accordingly, we reverse and remand this case for a new trial.
AFFIRMED IN PART; REVERSED IN PART and REMANDED.
DELL, WARNER and POLEN, JJ., concur.