774 So.2d 954 (2001)
Ricky WOLCOTT, Jr., Appellant,
v.
STATE of Florida, Appellee.
No. 5D99-2193.
District Court of Appeal of Florida, Fifth District.
January 12, 2001.
*955 James B. Gibson, Public Defender, and Nancy Ryan, Assistant Public Defender, Daytona Beach, for Appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Alfred Washington, Jr., Assistant Attorney General, Daytona Beach, for Appellee.
THOMPSON, C.J.,
Ricky Wolcott, Jr., appeals his convictions for burglary of a structure and dealing in stolen property in case no. 99-4166, and, in case no. 99-10253, for theft and dealing in stolen property. We reverse the convictions and sentences in case no. 99-4166, and the conviction for theft in case no. 99-10253.
We reverse the convictions in case no. 99-4166 because the state brought to the jury's attention the fact that Wolcott had a prior arrest record. In addition, during closing argument the state denigrated the defense for successfully objecting to hearsay, and alluded several times to Wolcott's failure to mount a defense.
Wolcott was accused of stealing jewelry from the victim's home during a burglary, and selling the jewelry to a pawn shop. The jewelry was never recovered, but the pawn shop had a receipt which contained brief descriptions of the items it purchased from a person named Ricky Wolcott. The receipt also contained the seller's fingerprint, which allegedly matched Wolcott's, taken in the normal course of business. A fingerprint recovered from the scene allegedly matched the fingerprints taken from Wolcott during trial, and the fingerprint on the receipt.
There were several discrepancies between the items listed on the pawn shop receipt and the items described by the victim. The pawn shop purchased a ring guard in the form of a band, but the victim did not describe such an item. The pawn shop purchased items which were similar in some respects, and dissimilar in other respects, to items described by the victim. Other items described by the victim were not on the list of items purchased by the pawn shop. Another discrepancy concerned the victim's sliding glass door, which was the burglar's alleged point of entry. The victim testified that she kept a *956 stick in the track of the door as a security measure, but that when she arrived home from work and discovered the burglary, the stick was in the dining area of the home. On the other hand, the responding police officer testified that when he arrived the stick was in the track.
In addition to the above-described fingerprint evidence, the state had an arrest card generated when Wolcott was arrested a month before the burglary. This card contained a fingerprint that allegedly matched Wolcott's and a home address and employer for Wolcott that matched information on the pawn shop receipt. The state established through the corrections officer that the card was made a month before the burglary, and that she had met Wolcott more than once. The officer's unsolicited statements were that she uses such cards "as part of the booking process at the department," and that she knew Wolcott had been in her jail.
Evidence of any crime committed by a defendant, other than the crime or crimes for which the defendant is on trial, is inadmissible in a criminal case where its sole relevancy is to attack the character of the defendant or to show the defendant's propensity to commit crime. Willis v. State, 669 So.2d 1090 (Fla. 3d DCA 1996) (defendant was unduly prejudiced by police officer's gratuitous testimony that defendant had previous contact with police in "other incidents"); see also, Hardie v. State, 513 So.2d 791 (Fla. 4th DCA 1987). The harmless error rule applies when there is irrelevant evidence of prior arrests, see Hawks v. State, 616 So.2d 1106 (Fla. 5th DCA 1993), but the error is presumed harmful. Id. In the instant case, we cannot say beyond a reasonable doubt that the error did not contribute to the verdict. See State v. DiGuilio, 491 So.2d 1129 (Fla.1986). The state's case was not iron clad, as shown by the discrepancies in the testimony. The state emphasizes the fingerprint evidence, but doubt that the items sold to the pawn shop were stolen from the victim could bring into doubt whether the partial print recovered from the scene indeed matched Wolcott's known prints.
As to the denigration of defense counsel, the discrepancy between the testimony of the victim and the testimony of the responding police officer regarding the sliding glass door became apparent during the state's case. The simple answer could have been that the victim restored the area to its pre-burglary condition before the arrival of the police officer, but the state failed to clarify the matter with the victim. Instead, the state attempted to elicit hearsay from the police officer on the issue, and the defense successfully objected to the testimony. During closing argument, the state raised the issue and stated, "Now, the police officer came three hours later, saw a somewhat different scene.... Now I tried to ask the deputy or officer if [the victim] had told him how she had found it, and [defense counsel] didn't want to let her say that because that was hearsay." It is both improper and unethical for either the prosecutor or defense counsel to attack the personal integrity and credibility of opposing counsel. Briggs v. State, 455 So.2d 519 (Fla. 1st DCA 1984); see also Fuller v. State, 540 So.2d 182 (Fla. 5th DCA 1989); Knight v. State, 672 So.2d 590 (Fla. 4th DCA 1996). Furthermore, it is improper to argue facts not in evidence. Knight, 672 So.2d at 591. That defense counsel objected to the admission of hearsay was not in evidence.
Finally, the state repeatedly referred to the lack of witnesses to rebut the state's evidence. The state emphasized in closing argument that although the state had the burden of proof, and the defendant had no obligation to put forward evidence, "they have a right to if they choose to. He could call a witness if he wants to." Later, the state told the jury, "There has been no witnesses [sic] who came in and said that's not his fingerprint." The state then told the jury, "And again, there has been no evidence whatsoever that that property that the defendant sold [to the pawnshop] *957 came from anywhere else but the home of [the victim]."
The state may not comment on a defendant's failure to mount a defense, because doing so could lead the jury to erroneously conclude that the defendant has the burden of doing so. Rodriguez v. State, 753 So.2d 29 (Fla.2000). Further, any comment that is fairly susceptible of being interpreted as referring to a defendant's failure to testify is erroneous and strongly discouraged. Id. Where the evidence is uncontradicted on a point that only the defendant can contradict, a comment on the failure to contradict the evidence becomes an impermissible comment on the failure of the defendant to testify. Id.
In the instant case, the state's comment that no witness rebutted the testimony of its fingerprint expert could have been construed to suggest that the defendant had a burden to bring forward evidence. At least standing alone, however, we think the comment falls within the narrow confines of the "invited response" exception described in Rodriguez, because defense counsel tried to discredit the fingerprint evidence by suggesting that the police mishandled it. The statement that there was no evidence to show that the pawned items came from somewhere other than the victim's home does not fall within any exception, however, and impermissibly refers to Wolcott's failure to testify, since only he would be able to contradict the state's evidence tending to show that the items came from the victim's home. See Rodriguez.
The standard of review of a ruling on a motion for mistrial is abuse of discretion. Cole v. State, 701 So.2d 845 (Fla. 1997).
A criminal trial provides a neutral arena for the presentation of evidence upon which alone the jury must base its determination of a defendant's innocence or guilt. Attorneys for both sides, following rules of evidence and procedure designed to protect the neutrality and fairness of the trial, must stage their versions of the truth within that arena. That which has gone before cannot be considered by the jury except to the extent it can be properly presented at the trial and those things that cannot properly be presented must not be considered at all.
Ruiz v. State, 743 So.2d 1, 4 (Fla.1999). We conclude that the trial court abused its discretion in denying Wolcott's motion for mistrial. The convictions and sentences are reversed, and the case is remanded for a new trial.
As to case number 99-10253, we reverse the conviction for theft because, as the state properly recognizes, section 812.025 Florida Statutes (1997) precludes a conviction for dealing in stolen property and a conviction for theft of the same property. We remand for resentencing in this case.
REVERSED and REMANDED.
GRIFFIN and PALMER, JJ., concur.