830 So.2d 889 (2002)
Adolph WILEY, Jr., Appellant,
v.
STATE of Florida, Appellee.
No. 1D01-1776.
District Court of Appeal of Florida, First District.
October 30, 2002.
Rehearing Denied November 26, 2002.
Nancy A. Daniels, Public Defender; Nancy L. Showalter, Assistant Public Defender, Tallahassee, for Appellant.
Robert A. Butterworth, Attorney General; Daniel A. David, Assistant Attorney General, Tallahassee, for Appellee.
BROWNING, J.
Adolph Wiley, Jr., challenges his conviction for pawnbroker transaction fraud, alleging that the jury instructions erroneously omitted reference to an essential element of the crime. We hold this omission was a fundamental error and was not harmless. We reverse the appellant's conviction and sentence, and remand for further proceedings. As to the appellant's conviction for dealing in stolen property, we affirm and remand for re-sentencing.
The appellant was charged with burglary, grand theft, dealing in stolen property, and pawnbroker transaction fraud after his ex-girlfriend found her jewelry had been stolen and later spotted it in a pawn shop. Following a jury trial, the appellant was acquitted of burglary and convicted of the other three crimes. Subsequently, the appellant's conviction for grand theft was vacated, as it is statutorily prohibited to convict on both theft and dealing in stolen property when the two charges arise from the same scheme or course of conduct. See § 812.025, Fla. Stat. (2001). He was sentenced to two concurrent terms of 43.275 months of incarceration followed by three years' probation.
On appeal, the appellant contends the trial court erred in instructing the jury on *890 pawnbroker transaction fraud, where the instruction omitted an essential element of the crime. The statute describing pawnbroker transaction fraud provides that "[a]ny person who knowingly gives false verification of ownership or gives a false or altered identification and who receives money from a pawnbroker for goods sold or pledged commits" the crime. See § 539.001(8)(b)(8), Fla. Stat. (2000). The jury instruction, as given, read as follows: "Before you can find the defendant guilty of pawnbroker transaction fraud, the State must prove the following two elements beyond a reasonable doubt: The defendant gave false verification of ownership concerning jewelry sold to a pawnbroker. The defendant received money from a pawnbroker for that jewelry." Thus, the instruction, as given, did not include a reference to the essential element that the false verification of ownership be given knowingly. The appellant concedes no objection was made to the error below, but contends it is cognizable on direct appeal as fundamental error.
An error in a jury instruction constitutes fundamental error if it concerns the total failure to instruct the jury on an essential element of the crime and that element is disputed at trial. See State v. Delva, 575 So.2d 643 (Fla.1991). The element was disputed at trial, as the issue of knowledge was a focus of the appellant's defense. The appellant claimed he had bought the jewelry from an unknown party on the street. Although the investigating officer testified that the appellant had given an unsolicited statement to the effect that he "thought that the rings were stolen," defense counsel elicited, on cross-examination of the officer, that the appellant did not say he actually knew the items were stolen when he pawned them. Cf. Lucas v. State, 630 So.2d 597, 599 (Fla. 1st DCA 1993) (discussing fundamental error in jury instructions and characterizing the disputed issue as identity, where the appellant's defense was mistaken identity). Further, the error is not harmless, for the omitted element in this case, knowledge, was not uncontested or supported by overwhelming evidence. See Neder v. United States, 527 U.S. 1, 17, 119 S.Ct. 1827, 144 L.Ed.2d 35 (1999).
Accordingly, we AFFIRM in part, REVERSE in part, and REMAND for further proceedings on the charge of pawnbroker transaction fraud consistent with this opinion, and for re-sentencing on the remaining conviction.
LEWIS and POLSTON, JJ., CONCUR.