838 So.2d 1185 (2003)
Darrell Wayne HALE, Appellant,
v.
STATE of Florida, Appellee.
No. 5D02-508.
District Court of Appeal of Florida, Fifth District.
January 24, 2003.
Certification Denied March 10, 2003.
*1186 James B. Gibson, Public Defender, and Susan A. Fagan, Assistant Public Defender, Daytona Beach, for Appellant.
Charlie Crist, Attorney General, Tallahassee, and Patrick W. Krechowski, Assistant Attorney General, Daytona Beach, for Appellee.
GRIFFIN, J.
Appellant, Darrell Wayne Hale ["Hale"], appeals his judgment and sentence. He raises three issues, none of which was raised at trial, and which are argued on appeal to be "fundamental error." Hale first complains that he is entitled to a judgment of acquittal on the charge of giving false verification of ownership to a pawnbroker, in violation of section 539.001(8)(b)8, Florida Statutes (2000). This statute is found within the statute called "Pawnbroker Transaction Form," and details the information which must be contained on the form a pawnbroker must complete at the time of a pawn transaction. It provides that certain information must be contained on the front of the form, including:
A statement that the pledgor or seller of the item represents and warrants that it is not stolen, that it has no liens or encumbrances against it, and that the pledgor or seller is the rightful owner of the goods and has the right to enter into the transaction.
§ 539.001(8)(b)8, Fla. Stat. (2000). The section further provides that:
Any person who knowingly gives false verification of ownership or gives a false or altered identification and who receives money from a pawnbroker for goods sold or pledged commits:
a. If the value of the money received is less than $300, a felony of the third degree, punishable as provided in s. 775.082, s. 775.083, or s. 775.084.
b. If the value of the money received is $300 or more, a felony of the second degree, punishable as provided in s. 775.082, s. 775.083, or s. 775.084.
Id.
Hale complains that the evidence in this case is insufficient to convict him of receiving money from a pawnbroker by false verification of ownership. Hale acknowledges that the form he signed pawning the bar lights stated on the back in capital, but faint, type that:

*1187 PLEDGOR REPRESENTS AND WARRANTS THAT THE PLEDGED GOODS ARE NOT STOLEN, THAT THEY HAVE NO LIENS OR ENCUMBRANCES AGAINST THEM, AND THAT PLEDGOR IS THE RIGHTFUL OWNER OF THE GOODS AND HAS THE RIGHT TO ENTER INTO THIS TRANSACTION.
However, Hale notes that section 539.001(8)(b)8, Fla. Stat. (2000) requires that he "knowingly" give false verification of ownership. The employee of the pawnbroker who dealt with Hale testified that the employee fills out the pawn slip, asks only if the customer wishes to take a loan on the item or sell it, and does not ask their customers to read the pawn slip.
The bottom front of the form contained a signature line which had been signed by Hale, above which appeared this language: "Under penalty of perjury, I have read the foregoing document, and the facts stated in it are true." The front of the form also stated, "See reverse side for information about nonpayment and additional contract terms and conditions." Hale maintains that he cannot be bound by the representation of ownership contained in the form since he did not read it and was not asked to read it prior to signing.
Were this a civil transaction, Hale would be bound by the representation contained in the document. In Florida, in the civil context, a party who signs a document without reading it is bound by its terms in the absence of coercion, duress, fraud in the inducement or some other independent ground justifying rescission. Merrill, Lynch, Pierce, Fenner & Smith, Inc. v. Benton, 467 So.2d 311, 312 (Fla. 5th DCA 1985).
Nonetheless, the statute at issue expressly requires a criminal intentthat the defendant "knowingly" give false verification of ownership. See also Chicone v. State, 684 So.2d 736, 743 (Fla.1996)("The existence of a mens rea is the rule of, rather than the exception to, the principles of Anglo American criminal jurisprudence."), citing Dennis v. United States, 341 U.S. 494, 500, 71 S.Ct. 857, 95 L.Ed. 1137 (1951). This would appear to require either actual knowledge of the provision contained in the document or the equivalent.
In the criminal context, federal courts have interpreted the requirement that a defendant must "knowingly" make a false statement to include both actual or positive knowledge, as well as statements made with deliberate disregard for whether they were true or false or with a conscious purpose to avoid learning the truth. This is known as the "willful ignorance" or "willful blindness" doctrine, which holds that one may not deliberately close his or her eyes to what would otherwise be obvious to them. See generally Ira P. Robbins, The Ostrich Instruction: Deliberate Ignorance as a Criminal Mens Rea, 81 Journal of Crim. Law and Criminology (1990).
Using the "willful blindness" doctrine, federal courts have determined that a defendant can be found guilty of "knowingly" making a false statement when he signs a document without reading it, if by doing so he acted with reckless disregard of whether the statements were true or with a conscious purpose to avoid learning the truth. See, e.g., United States v. Santiago-Fraticelli, 730 F.2d 828 (1st Cir.1984) (in prosecution for knowingly making false statement on firearms registration application, evidence was sufficient to support conviction where jury could have concluded that defendant's failure to obtain translation into Spanish constituted reckless disregard or conscious purpose to avoid learning truth); United States v. Thomas, 484 F.2d 909, 912-13 (6th Cir.1973) (suggesting *1188 that defendant could be convicted of knowingly making false statement on firearms registration application, even if he did not actually read form he signed and no questions were read to him, if by signing statement without reading it he acted with reckless disregard of whether the statements made were true or with conscious purpose to avoid learning the truth); United States v. Squires, 440 F.2d 859, 864 (2d Cir.1971) (defendant can be convicted of "knowingly" making false statement by signing form without reading it, if he deliberately avoided reading it and, if he had read it, he would have been "aware of a high probability" that he was prohibited from obtaining firearm).
We conclude that Hale's signature on the document directly beneath the statement that he was signing under penalty of perjury and that the facts contained in the document were true is some evidence either of knowledge of the document's contents or that his ignorance of the document's contents was willful. Lack of proof that a defendant actually read the document will not insulate a defendant from prosecution under section 539.001(8)(b)8, even under the strictures of Chicone.[1]
Hale next makes two double jeopardy arguments. He first complains that he cannot be convicted of both trafficking in stolen property and receiving money from a pawnbroker by false verification of ownership because these are degree variants of the same core offense, within the meaning of cases such as Sirmons v. State, 634 So.2d 153 (Fla.1994) and State v. Anderson, 695 So.2d 309 (Fla.1997).
The double jeopardy clause protects against multiple punishments for the "same" offense, except as provided by law. Gordon v. State, 780 So.2d 17 (Fla.2001). However, under Florida law, the fact that offenses contain separate elements does not end the double jeopardy inquiry. Under Florida law, multiple convictions for offenses which contain different elements can also be prohibited (e.g. they are considered the "same" offense within the meaning of the double jeopardy prohibition) if the offenses are "degrees of the same offense as provided by statute." Id. at 20-21; § 775.021(4)(b), Fla. Stat. (2000).
Trafficking in stolen property and receiving money from a pawnbroker by false verification of ownership are separate offenses for the purposes of the Blockburger[2] test, which inquires whether each offense has an element the other does not. See State v. Craft, 685 So.2d 1292 (Fla.1996). "The elements of dealing in stolen property are trafficking or endeavoring to traffic in property that the defendant knows or should have known was stolen." State v. Crider, 625 So.2d 957, 959 (Fla. 5th DCA 1993). Under section 812.012(8), Florida Statutes, the term "traffic" means: "(a) [t]o sell, transfer, distribute, dispense, or otherwise dispose of property [or] (b) [t]o buy, receive, possess, obtain control of, or use property with the intent to sell, transfer, distribute, dispense, or otherwise dispose of such property." The elements of the offense of receiving money by false verification of ownership are knowingly giving false verification of ownership or *1189 false identification, and receiving money from a pawnbroker for goods sold or pledged. Wiley v. State, 830 So.2d 889 (Fla. 1st DCA 2002). As these statutory definitions indicate, each offense contains an element the other does not. Scalf v. State, 573 So.2d 202 (Fla. 1st DCA 1991). Trafficking requires the state to prove that the defendant knows or should have known that the property involved was stolen. The receiving money offense requires the state to prove that the defendant gave false verification of ownership or false identification. Id. at 204, n. 4. Nor do the two offenses appears to be "`degree variants' or aggravated forms of the same core offense." See Gordon, 780 So.2d at 21. The crime of trafficking in stolen property is directed at the disposition of stolen property. The receiving money offense is directed at knowingly giving false verification of ownership or false identification as part of a transaction with a pawnbroker. Thus, one statute has at its core a theft offense, and the other is concerned with the duty not to lie. Dual convictions for the two offenses therefore are not improper.
Hale finally argues that he cannot be convicted of both trafficking in stolen property and petit theft, if the two offenses involve the same property. This issue is controlled by section 812.025, Florida Statutes (1999), which states:
Notwithstanding any other provision of law, a single indictment or information may, under proper circumstances, charge theft and dealing in stolen property in connection with one scheme or course of conduct in separate counts that may be consolidated for trial, but the trier of fact may return a guilty verdict on one or the other, but not both, of the counts.

Under this section, Hale's convictions for both trafficking and petit theft cannot stand. Wolcott v. State, 774 So.2d 954 (Fla. 5th DCA 2001). We accordingly vacate the lesser petit theft conviction. Cooper v. State, 794 So.2d 615 (Fla. 2d DCA 2001).
AFFIRMED in part; REVERSED in part.
SHARP, W., and ORFINGER, JJ., concur.
NOTES
[1] Although not relied upon by Hale, probably because he never read the pawn slip, we are concerned about the placement of the statutory warranty of ownership required to be placed on the front of the form. On this form, this important provision was on the reverse of the form, in pale grey type, and nothing called attention to it. Although due to the length of the statutory provision, it may be awkward to place prominently on the front of the form, the statute clearly requires that is where it must be placed.
[2] Blockburger v. United States, 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306 (1932).