ALLEN, C.J.
The appellant in this direct criminal appeal challenges his conviction of aggravated stalking after entry of a domestic violence injunction. He presented evidence at trial that he did not know that the injunction was in effect at the time of the alleged offense, and he argues on appeal that the trial court fundamentally erred by failing to instruct the jury that an element of the offense is knowledge by the accused that an injunction or other specified court order is in effect. Concluding that such knowledge is an element of the offense and that the trial court fundamentally erred in failing to so instruct the jury, we reverse the appellant’s conviction.
Section 784.048(4), Florida Statutes, provides in pertinent part that it is unlawful for any person under injunction for protection of another person against domestic violence to willfully, maliciously, and repeatedly follow or harass such other person. Violation of the statute constitutes a felony of the third degree. The mens rea requirement specified in the statute relates only to the following or harassing element of the offense, and thus the statute is silent as to whether knowledge of the injunction is also an essential element. But the supreme court, in applying a double jeopardy analysis pursuant to Blockburger v. United States, 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306 (1932), has concluded that “[t]he statutory elements of aggravated stalking under section 784.048(4) are knowledge of an injunction, and knowingly, willfully, maliciously, and repeatedly following or harassing the beneficiary of the injunction.” State v. Johnson, 676 So.2d 408 (Fla.1996) (Emphasis supplied). We note that this recitation of the statutory elements is consistent with the principles expressed by the supreme court in Chicone v. State, 684 So.2d 736 (Fla.1996). See also Staples v. United States, 511 U.S. 600, 114 S.Ct. 1793, 128 L.Ed.2d 608 (1994).
Because knowledge by an accused that an injunction is in effect is an essential element of the offense, the trial court failed to properly instruct the jury. Although a proper instruction was not requested, the trial court’s failure to instruct the jury as to this essential element of the offense constituted fundamental error in this case. See State v. Delva, 575 So.2d 643 (Fla.1991). The appellant’s conviction is accordingly reversed, and this case is remanded.
BENTON and HAWKES, JJ., concur.