PER CURIAM.
This is Willie Miller’s direct appeal of a criminal conviction and sentence for pawnbroker false verification and dealing in stolen property. There were three issues raised on appeal, of which only one warrants discussion. For the reasons set forth below, we reverse the conviction of the defendant on the charge of pawnbroker false verification.
At around 3:30 a.m. on December 27, 2002, the Homestead home of Jeffrey Ivey was broken into, and the burglar took a Burdines shopping bag, the contents of which were a gold name plate necklace *1093 reading “Jaliyah,” a Sony Playstation II with game cassettes, DVD movies, music CDs and some cash. Jeffrey Ivey awakened and chased the intruder, until he ran out of the house and turned into another backyard. Ivey recognized the Burdines bag because it had previously been under his Christmas tree, and had a small hole on the side of the bag. Ivey told the investigating officer that the burglar had a slim, slight build, and was possibly a teenager between 15 and 19 years of age.
Two weeks later, the police asked Ivey to come to a nearby pawnshop to identify a necklace, which he did. Juan Cairo, an employee of the pawn shop, identified Willie Miller as the person who tendered the necklace on the morning of December 27, 2002. Miller had filled out a Florida Pawnbroker Transaction Form, showed his picture ID to prove he was Miller, and placed his thumbprint on the front of the form. Miller, who was around 5'10" and weighed 150 pounds, was then picked up by the police. Miller was 29-years old.
The defendant was charged with burglary of an occupied dwelling, grand theft, pawnbroker false verification and dealing in stolen property. At trial, the prosecution provided the identification of Ivey and Cairo, along with defendant’s thumbprint from the pawnshop transaction form. The defense theory was misidentification. The defendant proffered the following explanation: the jewelry fell out of the hole in the Burdines bag stolen by the real culprit, the defendant found the jewelry later on someone’s yard and attempted to sell same for quick cash.
At the close of trial, following a much contested jury instruction on whether the defendant had “knowledge” that the goods pawned were stolen, the case went to the jury. Miller was acquitted on burglary and grand theft, but found guilty of pawnbroker false verification and dealing in stolen property. Miller received five years on the pawnbroker false verification count to run concurrently with a 20-year sentence for dealing in stolen property. Defendant now appeals his judgment of conviction and sentence.[1]
We believe that the court erred in submitting a jury instruction containing the following language: “the Defendant made verification with knowledge that the item was not stolen.” The jury sent a question about the second element of the pawnbroker false verification instruction as originally submitted,[2] and the trial judge inserted the word “not” believing that it cured the instruction. However, the insertion of the word “not” would mean that the jury could find a defendant guilty for selling something of his own, like his own watch, which he “knew was not, stolen.” The revised instruction allows the jury to convict a defendant for pawnbroker false verification on the basis of innocent conduct. We believe that the charge as modified was erroneous and requires a retrial. See Wiley v. State, 830 So.2d 889, 890 (Fla. 1st DCA 2002) (reversing defendant’s conviction where instruction failed to commu *1094 nicate the essential elements of false verification to the jury).
Reversed and remanded for further proceedings.

. There were two other issues raised by the defendant: (1) whether the trial court abused its discretion by denying a challenge for cause to strike a juror, and (2) whether the court’s denial of the defendant’s motion for judgment of acquittal is supported by substantial competent evidence. We have considered same and find them to be without merit.

. The instruction as originally submitted to the jury read:
... the State must prove the following three elements beyond a reasonable doubt:
One, the defendant pawned -the gold name plate necklace in the name of "Jaliyah.”
Two, the defendant made verification with knowledge that the item was stolen.
And three, the defendant verified that he was the rightful owner of the item pawned and that he had the right to sell or pawn the item.