[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 13-11813

_____

D.C. Docket No. 4:09-cv-00162-SPM-CAS

SCOTT A. STANLEY,

Petitioner-Appellant,

versus

SECRETARY, FLORIDA DEPARTMENT OF CORRECTIONS,

Respondent-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Florida

_____

(February 27, 2015)

Before ED CARNES, Chief Judge, COX and GILMAN,* Circuit Judges.

PER CURIAM:

_____

*Honorable Ronald Lee Gilman, United States Circuit Judge for the Sixth Circuit, sitting by designation.

Scott A. Stanley was convicted of aggravated stalking in violation of a court order.  See Fla. Stat. § 784.048(4).  He appeals from the district court's denial of his federal habeas petition.  We granted a certificate of appealability on two issues, only one of which we need to decide in order to dispose of this appeal.  That issue is whether his appellate counsel was ineffective in failing to argue that a jury instruction should have been given regarding Stanley's knowledge that the court order at issue was in effect when he allegedly committed the offense.  Because the parties and the district court are familiar with the procedural history and the facts, we will skip straight to our reasoning.

Knowledge that an order or injunction is in effect at the time of the conduct that violates it is an essential element of the crime of aggravated stalking.  Gaspard v. State, 848 So. 2d 1161, 1162 (Fla. 1st DCA 2003).  Under Florida law, the failure to instruct the jury on an essential element of the offense that is disputed is fundamental error.  State v. Delva, 575 So. 2d 643, 644–45 (Fla. 1991); Wiley v. State, 830 So. 2d 889, 890 (Fla. 1st DCA 2002).  And fundamental error is not subject to harmless error review.  Reed v. State, 837 So. 2d 366, 369–70 (Fla. 2002).  The only question is whether the knowledge element was disputed at trial. The district court's error was in answering that question in the negative.

In his opening statement, Stanley's trial counsel put into dispute whether his client had known that the injunction prohibiting him from contacting Crystal Berry

2

was still in effect at the time that he contacted her.  Trial counsel argued that Berry had led Stanley to believe she had withdrawn the injunction.  Stanley supported that defense by testifying that Berry had told him that she "had dissolved it," and that he had spoken with an attorney about the matter.  He testified that "[t]o [his] knowledge, it was not in effect."  Although the injunction itself states that its terms "may not be changed by either party alone or by both parties together," it also states that "[e]ither party may ask the Court to change or end this injunction."

A jury certainly could have found Stanley's testimony unworthy of belief, but that does not make his knowledge of the injunction being in effect an undisputed fact.  The existence of that essential element was disputed, making the failure to give an instruction on it a fundamental error that would have required reversal of the conviction if appellate counsel had raised the issue.  See Reed, 837 So. 2d at 369–70; Wiley, 830 So. 2d at 890.  There can be no question that Stanley's counsel was aware of the issue because Stanley had brought it to the attention of both his counsel and the court in a supplemental pro se brief.  The Gaspard decision was on the books at the time of the trial and appeal, and it was from the state appellate court with jurisdiction over Stanley's appeal.

Deficient performance is established because any reasonably effective appellate counsel would have raised the issue, especially after his client pointed out Gaspard to him.  And if the issue had been raised, Stanley's conviction would have

3

been reversed, which is enough to establish prejudice. See Ferrell v. Hall, 640 F.3d 1199, 1236 (11th Cir. 2011). It follows that Stanley has established both components of his ineffective assistance of appellate counsel claim. The state court's conclusion to the contrary was an objectively unreasonable application of federal law. See Middleton v. McNeil, 541 U.S. 433, 436, 124 S. Ct. 1830, 1832 (2004) ("Where, as here, the state court's application of governing federal law is challenged, it must be shown to be not only erroneous, but objectively unreasonable.") (internal quotation marks omitted).

In granting this relief, we are mindful of the "strong presumption that counsel's conduct [fell] within the wide range of reasonable professional assistance," see Strickland v. Washington, 466 U.S. 668, 689, 104 S. Ct. 2052, 2065 (1984), and that a petitioner seeking to overcome the presumption must establish "that no competent counsel would have taken the action that his counsel did take," Chandler v. United States, 218 F.3d 1305, 1315 (11th Cir. 2000) (en banc). But we believe that the circumstances in the case before us overcome this strong presumption of reasonable professional assistance. Stanley's appellate counsel was made aware of a fundamental error by the trial court that mandated reversal under Florida law, yet declined to raise the issue on appeal. Even under AEDPA's high bar for an ineffective assistance of counsel claim, this deficient conduct calls out for habeas relief.

4

The district court's judgment is therefore **REVERSED** and the case is **REMANDED** with instructions to grant the writ.