NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

JOHNNY BERNARD HALL,               )
                                   )
            Appellant,             )
                                   )
v.                                 )      Case No.  2D14-2321
                                   )
STATE OF FLORIDA,                  )
                                   )
            Appellee.              )
_____)

Opinion filed January 6, 2016.

Appeal from the Circuit Court for
Hillsborough County; William Fuente, Judge.

Howard L. Dimmig, II, Public Defender, and
William L. Sharwell, Assistant Public
Defender, Bartow, for Appellant.

Pamela Jo Bondi, Attorney General,
Tallahassee, and Kiersten E. Jensen,
Assistant Attorney General, Tampa, for
Appellee.


WALLACE, Judge.

        Johnny Bernard Hall appeals his judgment and sentences for felony

battery under section 784.03(2), Florida Statutes (2013), and violation of an injunction

for protection against domestic violence under section 741.31(4)(a)(3), Florida Statutes

(2013).  We affirm in part and reverse in part.

In order to obtain a conviction for violation of the domestic violence injunction, the State was required to prove that Mr. Hall acted "willfully" in violating the injunction. § 741.31(4)(a)(3). In this context, "willfully" means "knowingly, intentionally and purposely." Fla. Std. Jury Instr. (Crim.) 8.18; cf. Gaspard v. State, 848 So. 2d 1161, 1162 (Fla. 1st DCA 2003) (holding that knowledge by an accused that an injunction is in effect is an essential element of the crime of aggravated stalking after the entry of a domestic violence injunction). It was undisputed at trial that the victim's statements led Mr. Hall reasonably to conclude that the domestic violence injunction was no longer in effect. Accordingly, the trial court erred in failing to grant Mr. Hall's motion for a judgment of acquittal on the charge of violation of the domestic violence injunction.

We affirm Mr. Hall's judgment and sentence for felony battery without comment. We reverse the judgment and sentence for violation of the injunction against domestic violence and remand for Mr. Hall's discharge on the latter offense.

Affirmed in part, reversed in part, and remanded.

ALTENBERND and SALARIO, JJ., Concur.